**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

**SUMMONS IN CIVIL ACTION**

FILED
NOV 13 2020
CIRCUIT COURT CLERK
BY_____ D.C.

☒ Lawsuit
☐ Divorce

Docket No. CT-4824-20

Ad Damnum $ 175,000.00

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| SHIRLEY DUVENTRE | VS | HOME DEPOT U.S.A. INC. |

TO: (Name and Address of Defendant (One defendant per summons))

Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

Method of Service:
☐ Certified Mail
☐ Shelby County Sheriff
☐ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☒ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on __Steven W. Pittman__ Plaintiff's attorney, whose address is 291 Losher Street, Hernando, MS 38632

telephone _____ within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____ By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master    By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __18th__ day of __November__, 20__20__ at __4:00__ __P__ M. a copy of the summons and a copy of the Complaint to the following Defendant __Home Depot USA__ at __2908 Poston Ave, Nashville, TN__

_____  By: __Michelle Alonzo/PPS__
Signature of person accepting service      Sheriff or other authorized person to serve process


## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED
NOV 13 2020
CIRCUIT COURT CLERK
D.C.

| | |
|---|---|
| SHIRLEY DUVENTRE | PLAINTIFF |
| VS. | NO.: CT-4824-20 |
| HOME DEPOT U.S.A. INC. | Div VIII DEFENDANT |

JURY DEMANDED

## COMPLAINT

COME NOW the Plaintiff, Shirley DuVentre, by and through counsel, and files this, her Complaint against the Defendant, Home Depot U.S.A. INC. and in support of said cause of action would state and aver as follows; to-wit:

### PARTIES

1. The Plaintiff, Shirley DuVentre is an adult resident citizen of Memphis, Shelby County, Tennessee.

2. The Defendant, Home Depot U.S.A. INC., is a for-profit corporation organized and existing under the laws of the State of Delaware with a principal address in the State of Georgia and doing business in the State of Tennessee who may be served with process of this Court by serving its registered agent, Corporation Service Company at 2908 Poston Avenue, Nashville, TN 37203-1312.

### JURISDICTION AND VENUE

3. This personal injury action arises in tort based on the negligence of the Defendant, Home Depot U.S.A. INC. Home Depot U.S.A. INC. has the responsibility as owner of the common areas for the stores to maintain those common areas and to not create conditions in said common areas that are harmful to patrons. The Plaintiff is a resident of Shelby County, Tennessee, the

Defendant is registered to do and is doing business in Tennessee and all acts complained of occurred in Shelby County, Tennessee thereby making jurisdiction and venue proper in this Court.

## FACTS

4. That on or about May 2, 2019 the Plaintiff, Shirley DuVentre was shopping near the customer service desk of a Home Depot Store in Memphis, Tennessee when she slipped on water and leaves that had fallen on the floor from a plant that had been watered at the Home Depot store by employees of the Home Depot.

5. When Ms. DuVentre slipped, her knee came down forcefully onto the concrete and metal floor owned by the Defendant.

6. Ms. Duventre then left the store after being checked on by employees of the Home Depot.

7. In the following weeks, Ms. Duventre went about her normal routine while experiencing discomfort in her knee. Because of this she was seen at Baptist Memorial Hospital-Desoto on May 20, 2019 with complaints of pain in her knee and x-rays were ordered on that day. Ms. Duventre was diagnosed with narrowing of the lateral patella femoral joint and osteoarthritis. Otherwise, there were normal views of her x-rays on that date. She was told to report back to Baptist in 3 weeks. No additional x-rays or diagnostic test were ordered.

8. She was seen back at Baptist on June 10, 2019. The records from that day reflect that no effusion was present and again Ms. DuVentre was diagnosed with narrowing of the lateral patella femoral joint. It was also noted at that time that Ms. DuVentre may require visco-supplementation to her knee at some point in the future.

9. Because of her experience at Baptist Memorial Hospital-Desoto, Ms. DuVentre was under the impression that she was suffering because of arthritic issues brought on by her age.

10. When her discomfort continued after June 10, 2019, she ultimately sought a second opinion from Titan Orthopaedics in Memphis and received an MRI on November 14, 2019 at Baptist Memorial Hospital-Desoto. At this time, her injury was discovered to be a torn meniscus in her right knee.

## NEGLIGENCE

11. The Defendant owed the Plaintiff, an Invitee, the duty of reasonable care and knew or should have known of the dangerous condition or potential for a dangerous condition to be created. The Defendant was negligent and breached its duty in the following respects resulting in injury to the Plaintiff:

a) Failure to properly maintain the common area in a reasonably safe condition;

b) Neglecting care and maintenance of common area;

c) Creating the dangerous condition with its practice of watering plants on its premises and allowing them to be carried through the store without sufficient safety measures;

d) Failure to properly hire, train and instruct its employees;

## PROXIMATE CAUSE

12. The negligence of the Defendant was the proximate cause and/or the proximate contributing cause of the accident and the resultant injuries and damages to the Plaintiff.

## DAMAGES

13. That the Plaintiff, Shirley, as a direct and proximate result of Defendant's negligence, has been caused to suffer and incur severe and painful physical injuries and damages, including, but not limited to the following, to-wit:

    a. Bodily injuries caused, precipitated, and/or aggravated by the wrongs complained of by the Plaintiff, past, present and future;

3

b.  Physical pain and suffering, past, present and future;

c.  Mental and emotional anguish, anxiety, depression, distress and suffering, past present, and future;

d.  Hedonic damages for the impairment and loss of enjoyment of the normal pleasures of life, past, present, and future; as well as

e.  Medical expenses, past, present and future; and

f.  Permanent impairment to his body;

g.  Loss of wages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Shirley DuVentre, sues the Defendant for actual and compensatory damages in the amount of $175,000.00 together with pre-judgment and post judgment interest at the maximum rate allowed by law as well as expenses and all costs associated herein.

Plaintiff respectfully prays for damages as they may appear in the trial of this cause reserving the right to amend this pleading to confirm to the facts as they may develop for costs and interests, and for all other such general relief justified by the facts under the law and in equity.

**PLAINTIFF DEMANDS A JURY TO TRY THE ISSUES WHEN JOINED.**

By: _____
Steven W. Pittman, TMB#017139
Chatham Gilder Howell Pittman, PLLC
Attorneys for Plaintiff
291 Losher Street
Hernando, MS 38632
662-429-1027
steve@thelawyersthatlisten.com