```
           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

|  |  |
|---|---|
| SHIRLEY DUVENTRE, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:20-cv-2905-SHM |
| HOME DEPOT U.S.A., INC., | ) |
| Defendant. | ) |

**ORDER GRANTING MOTION TO DISMISS**

This is a personal injury action. Before the Court is Defendant Home Depot U.S.A., Inc.'s, ("Home Depot") December 17, 2020 Motion to Dismiss (the "Motion"). (D.E. No. 2.) Plaintiff Shirley Duventre responded on February 2, 2021. (D.E. No. 13.) Home Depot replied on February 15, 2021. (D.E. No. 17.) For the following reasons, the Motion is **GRANTED**.

I.   **Background**

Duventre brings a single claim of premises liability negligence arising from her fall at a Home Depot. (D.E. No. 1-1, ¶¶ 11-12.) Duventre seeks $175,000 in damages with pre-judgment and post-judgment interest. (Id. at p. 6.)

On May 2, 2019, Duventre was shopping at a Home Depot in Memphis, Tennessee, when she slipped on water and leaves on the

floor. (Id. at ¶. 4.) The water and leaves came from a nearby plant that had been watered by a Home Depot employee. (Id.) Duventre fell and her knee hit the concrete and metal floor. (Id. at ¶ 5.) Home Depot employees checked on Duventre, and she left the store. (Id. at ¶ 6.)

Over the next few weeks, Duventre experienced discomfort in her knee. (Id. at ¶ 7.) Because of her knee pain, she went to the hospital on May 20, 2019, and had her knee x-rayed. (Id.) She was diagnosed with a narrowing of the lateral patella femoral joint and osteoarthritis. (Id.) She returned to the hospital on June 10, 2019. (Id. at ¶ 8.) No effusion was present, and she was told she might need visco-supplementation on her knee. (Id.) Duventre believed, based on her hospital visits, that she was suffering from arthritis brought on by age. (Id. at ¶ 9.)

Duventre continued to have knee pain. (See id. at ¶ 10.) She received a second medical opinion and an MRI on November 14, 2019. (See id.) She was diagnosed with a torn meniscus in her right knee. (Id.) Duventre alleges that her injury was caused by her fall at Home Depot. (See id. at ¶ 11.)

Duventre filed suit in the Shelby County Circuit Court on November 13, 2020. (Id.) Home Depot removed to this Court on December 17, 2020. (D.E. No. 1.)

On May 6, 2021, Duventre filed a supplemental response attaching the security video from her fall. (D.E. No. 22.) She

argues that the video shows that she was unaware of the extent of her injuries on the day she fell. (Id.)

## II. Jurisdiction and Applicable Law

The Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Duventre is a resident of Tennessee. (D.E. No. 1-1, ¶ 1.) Home Depot is incorporated in Delaware, and its principal place of business is in Georgia. (D.E. No. 1, ¶ 6.) The amount in controversy exceeds $75,000. (D.E. No. 1, p. 6.)

In a diversity case, issues of substantive law are governed by state law, and issues of procedural law are governed by federal law. Phelps v. McClellan, 30 F.3d 658, 661 (6th Cir. 1994). When there is no dispute that a certain state's substantive law applies, the court need not conduct a choice-of-law analysis sua sponte. See GBJ Corp. v. E. Ohio Paving Co., 139 F.3d 1080, 1085 (6th Cir. 1998). Both parties rely on Tennessee law. The Court will apply Tennessee substantive law.

The applicable statute of limitations is treated as an issue of substantive law and analyzed under state law. Guaranty Trust Co. of N.Y. v. York, 326 U.S. 99, 110-112 (1945); Phelps, 30 F.3d at 661. Federal courts rely on federal law for the standard of review even when analyzing the statute of limitations in a diversity action. See Id. at 661-663 (relying on federal law for standard of review for a motion to dismiss based on statute of limitations).

**III. Standard of Review**

Rule 12(b)(6) provides for the dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to state a claim to relief that is plausible on its face." Cooper Butt ex rel. Q.T.R. v. Barr, 954 F.3d 901, 904 (6th Cir. 2020) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). The factual allegations must be more than speculative. Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). The court considers the plaintiff's complaint in the light most favorable to the plaintiff. Ryan v. Blackwell, 979 F.3d 519, 525 (6th Cir. 2020) (quoting Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001)). The court accepts as true all factual allegations, but does not accept legal conclusions or unwarranted factual inferences as true. Theile v. Michigan, 891 F.3d 240, 243 (6th Cir. 2018). "The plaintiff must present a facially plausible complaint asserting more than bare legal conclusions." Id. (citing Twombly, 550 U.S. at 556; Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009)).

4

**IV.   Analysis**

Home Depot makes one argument: that the case must be dismissed because Duventre filed it after the statute of limitations had run.[1]

Under Tennessee law, the application of the statute of limitations is a question of law. Pier v. Jungkind, 427 S.W. 3d 922, 926 (Tenn Ct. App. 2013). Tennessee law establishes a one-year statute of limitations for personal injury claims. Tenn. Code Ann. § 28-3-104(a)(1)(A). In a personal injury case, the claim arises when the plaintiff knows or should know that an injury has occurred. Wyatt v. A-Best, Co., Inc., 910 S.W.2d 851, 854 (Tenn. 1995).

When considering a motion to dismiss based on the statute of limitations, the Court draws all inferences and resolves all ambiguities in favor of the plaintiff. Lutz v. Chesapeake Appalachia, L.L.C., 717 F.3d 459, 464 (6th Cir. 2013); Rembisz v. Lew, 590 F. App'x 501, 504 (6th Cir. 2014). A motion to dismiss can be granted based on the statute of limitations "if a plaintiff affirmatively pleads himself out of court." Rembisz, 590 F. App'x at 504; Lutz, 717 F.3d at 464. The party defending

---

[1] Under Rule 12(d), the Court must treat a motion to dismiss under Rule 12(b)(6) as a motion for summary judgment if the Court considers evidence outside the pleadings. Fed. R. Civ. P. 12(d). The Court need not rely on Duventre's video because it is not relevant to the statute of limitations issue, which is premised on the alleged misdiagnosis of her knee injury.

5

against a motion to dismiss does not have to raise a "triable issue of fact on an affirmative defense." Rembisz, 590 F. App'x at 504.

Under Tennessee law, a cause of action does not accrue until a judicial remedy is available. Wyatt, 910 S.W.2d at 855. "A judicial remedy is available when (1) a breach of a legally recognized duty owed to plaintiff by defendant (2) causes plaintiff legally cognizable damage." Id. The discovery rule is an equitable exception that tolls the statute of limitations until the plaintiff knows or should know that an injury has occurred. Durham v. Estate of Losleben, 624 S.W. 3d 492, 497-498 (Tenn. 2020). "The application of this so-called 'discovery rule' results in personal injury actions being filed more than one year after the injury occurs in instances in which plaintiff does not discover and reasonably could not be expected to discover that an injury was sustained during the year." Wyatt, 910 S.W.2d at 844. The plaintiff is deemed to have discovered an injury when the plaintiff "is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." Terry v. Niblack, 979 S.W. 2d 583, 586 (Tenn. 1998), (quoting Carvell v. Bottoms, 900 S.W. 2d 23, 29 (Tenn 1995)).

The discovery rule "determines when a cause of action accrues." Jungkind, 427 S.W.3d at 927. Actual or constructive

knowledge is sufficient to establish the knowledge component of the rule. Id. The plaintiff is not entitled to wait until the plaintiff knows all the effects or consequences of the wrongful act before filing suit. Id. at 928. Even a "slight" injury, if a legally cognizable claim arises, is sufficient to cause the claim to accrue. Id.

Absent the discovery rule, Duventre's claim is time-barred. She alleges that she fell and hit her knee on May 2, 2019. (D.E. No. 1-1, ¶ 4.) Due to the Covid-19 pandemic, Tennessee extended the deadline to file claims that would have become time-barred between March 13, 2020, and May 31, 2020, to June 5, 2020. "Order Modifying Suspension of In-Person Court Proceedings and Further Extension of Deadlines," No. ADM2020-0428 (Tenn. April 24, 2020); "Order Extending State of Emergency and Easing Suspension of In-Person Court Proceedings," No. ADM2020-00428 (Tenn. May 26, 2020). Duventre was injured on May 2, 2019, and the one-year statute of limitations ran on June 5, 2020, when the Tennessee Supreme Court's extension expired. Duventre filed suit on November 13, 2020. (D.E. No. 1-1.) Duventre has affirmatively pled herself out of Court because the relevant times are apparent from the face of her Complaint. (See id.)

Duventre argues that her claim did not accrue until her November 14, 2019 diagnosis and that the discovery rule tolled the statute of limitations.

The discovery rule does not save Duventre's cause of action. The Tennessee Court of Appeals has affirmed a dispositive order deciding as a matter of law that the discovery rule does not apply to the failure to discover the extent of an injury. Redmond v. WalMart Stores, Inc., No. M2014-00871-COA-R3CV 2014 WL 77334889 at *2-3 (Tenn Ct. App. Dec. 22, 2014). In Redmond, the plaintiff fell and later discovered complications from her fall. Id. The court held that her claim accrued on the date of her fall because she was aware that she had fallen and sustained an injury that would support an action against the defendant. Id. The worsening of her symptoms after her fall did not implicate the discovery rule. Id.

As pled, Duventre was aware of sufficient facts to put her on notice that she had suffered an injury because of Home Depot's wrongful conduct. Duventre knew that she had fallen and had hit her knee and that her discomfort had begun immediately after her fall and had continued for a period of weeks. (See D.E. No. 1-1, ¶ 7.) She was aware of the cause of her fall. (See id. at ¶ 4.) She went to the hospital with knee pain on May 20, 2019. (Id. at ¶ 7.) She argues that, because she was initially diagnosed with arthritis in her knee, she had no way of knowing that she had been injured. Duventre was aware of her fall, the cause of her fall, and her knee pain. (See id. at ¶¶ 5-7.) Although she may have received an incorrect diagnosis about her

8

knee pain, her cause of action accrued when she fell and was injured because she knew or should have known that her fall had caused legally cognizable damage.  Duventre cites no authority for the proposition that Tennessee law applies the discovery rule where the plaintiff is misdiagnosed after having sufficient facts to put her on notice of her claim.  Tennessee law is to the contrary.

Duventre has pled that she was aware on May 2, 2019, that she had fallen and that her knee hurt.  (D.E. No. 1-1, ¶¶ 4-7.) She knew the cause.  (Id.)  She was in pain when she visited the hospital on May 20, 2019.  (Id.)  This case is similar to Redmond because Duventre was aware of her fall and the cause of her fall and was aware or should have been aware of her injury.  At most, she was unaware of the extent of her injury.  She cannot invoke the discovery rule or convincingly argue that her claim did not accrue on May 2, 2019.

The statute of limitations had run before Duventre filed her Complaint.  Home Depot's Motion is **GRANTED**.

**V.   Conclusion**

Home Depot's Motion is **GRANTED**.  Duventre's Complaint is **DISMISSED**.

SO ORDERED this 24th day of August, 2021.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE